IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AT&T INTELLECTUAL PROPERTY I, L.P. and AT&T INTELLECTUAL PROPERTY II, L.P., | )<br>)<br>) |
| | ) C. A. No.: 14-1106-GMS |
| Plaintiffs, | )<br>) **JURY TRIAL DEMANDED** |
| | ) |
| v. | )<br>) |
| COX COMMUNICATIONS, INC., et al. | )<br>) |
| Defendants. | )<br>) |

**DEFENDANTS' OPENING BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO STAY LITIGATION PENDING INTER PARTES REVIEW**

YOUNG CONAWAY STARGATT & TAYLOR, LLP
Melanie K. Sharp (No. 2501)
Robert M. Vrana (No. 5666)
1000 North King Street
Wilmington, DE 19801
(302) 571-6681
msharp@ycst.com

PROSKAUER ROSE
Steven M. Bauer
Gourdin W. Sirles
Scott W. Bertulli
One International Place
Boston, MA 02110-2600
(617) 526-9700

*Attorneys for Cox Communications, Inc., et al.*

Dated: September 4, 2015

# TABLE OF CONTENTS

I. INTRODUCTION ..................................................................................................................1
II. LEGAL STANDARDS..........................................................................................................2
III. ARGUMENT .........................................................................................................................3
    A.    This Court Has Recognized the Appropriateness of Staying Cases Pending the PTAB's Decision To Institute IPR Proceedings. ...........................3
    B.    Staying this Case Will Simplify the Issues and Reduce the Burden of Litigation. ..................................................................................................................4
        1.    The Results of the IPRs Against 4 of the 9 Patents Asserted In This Case Will Simplify The Issues In This Case ...................................6
        2.    The PTAB Proceeding Itself Will Simplify the Case Even if AT&T's Patents Survive the PTAB Proceedings ........................................7
    C.    Because AT&T Is Not Asking For an Injunction And Waited At Least 5 Years to Bring this Case After Giving Notice of Infringement, A Stay of this Case Will Not Unduly Prejudice, or Present a Clear Tactical Disadvantage to, AT&T. ............................................................................8
IV. CONCLUSION ....................................................................................................................10

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Air Vent, Inc. v. Owens Corning Corp.*,
No. 02:10-cv-01699, 2012 WL 1607145 (W.D. Pa. May 8, 2012) ......................................... 9

*Alloc, Inc. v. Unilin Decor NV*,
No. 03-cv-253-GMS, 2003 WL 21640372 (D. Del. July 11, 2003) ....................................... 7

*BodyMedia, Inc. v. Basis Sci., Inc.*,
No. 12-cv-133 (GMS), 2013 WL 2462105 (D. Del. June 6, 2013) ..................................... 8, 9

*Bonutti Skeletal Innovations, LLC v. Zimmer Holdings, Inc. et al.*,
1-12-cv-01107 (D. Del. September 10, 2012) (Sleet, J.) ....................................................... 4, 6

*Canatelo LLC v. AXIS Commc'ns AB et al.*,
1-13-cv-01227, at 2 (D. Del. July 12, 2013) (Sleet, J.) ............................................................. 4

*Celorio v. On Demand Books LLC*,
No. 12-821- .......................................................................................................................... 2, 8

*Cirrex Sys., LLC v. Verizon Commc'ns, Inc. et al.*,
1-13-cv-00921, at n.1 (D. Del. May 22, 2013) (Sleet, J.) ........................................................ 7

*Davol, Inc. v. Atrium Med. Corp.*,
No. 12- cv-958-GMS, 2013 WL 3013343 (D. Del. June 17, 2013) ..................................... 5, 8

*Ever Win Int'l Corp. v. Radioshack Corp.*,
902 F. Supp. 2d 503 (D. Del. 2012) ....................................................................................... 5, 9

*Fresenius USA, Inc. v. Baxter Int'l, Inc.*,
721 F.3d 1330 (Fed. Cir. 2013) ................................................................................................. 5

*ImageVision.Net, Inc. v. Internet Payment Exchange, Inc.*,
No. 12-054-GMS-MPT, 2012 WL 5599338 (D. Del. Nov. 15, 2012) ..................................... 6

*IMS Health Inc. v. Symphony Health Solutions Corp. et al.*,
1-13-cv-02071 at 1-2 (D. Del. December 20, 2013) (Sleet, J.) ................................................ 3

*In-Depth Test LLC v. Linear Technology Corp.*,
1-14-cv-01091, at 2 (D. Del. August 22, 2014) (Sleet, J.) ........................................................ 3

*Krippelz v. Ford Motor Co.*,
667 F.3d 1261 (Fed. Cir. 2012) ................................................................................................. 7

*Market-Alerts Pty. Ltd. v. Bloomberg Fin., L.P.*,
   922 F. Supp. 2d 486 (D. Del. 2013) ...................................................................................... 2

*Message Notification Techs. LLC v Microsoft Corp.*,
   1-13-cv-01881 at n.4 (D. Del. November 11, 2013) (Sleet, J.) ............................................. 4

*Neste Oil OYJ v. Dynamic Fuels, LLC*,
   No. 12-1744-GMS, 2013 WL 3353984 (D. Del. July 2, 2013) ........................................ 6, 10

*Pegasus Dev. Corp. v. Directv, Inc.*,
   No. 00-1020-GMS, 2003 WL 21105073 (D. Del. May 14, 2003) ........................................ 3

*Princeton Digital Image Corp. v. Konami Digital Entm't, Inc.*,
   No. 1:12-cv-01461-LPS-CJB, slip op. (D. Del. Jan. 15, 2014) ............................................. 9

*Robert Bosch Healthcare Sys., Inc. v. ExpressMD Solutions, LLC*,
   No. C. 12-00068 JSW, 2013 WL 752474 (N.D. Cal. Feb. 27, 2013) .................................... 6

*Round Rock Research LLC v. Dole Food Co.*,
   Civil Action Nos. 11-1239-RGA, 11-1241-RGA, 11-1242-RGA, 2012 WL
   1185022 (D. Del. Apr. 6, 2012) ............................................................................................. 7

*Ruckus Wireless, Inc. v. Netgear, Inc.*,
   No. C 09-5271 PJH, 2010 WL 1222151 (N.D. Cal. Mar. 25, 2010) ..................................... 7

*Software Rights Archive, LLC v. Facebook, Inc.*,
   Nos. C-12-3970 RMW, C-12-3971 RMW, C-12-3972 RMW, 2013 WL
   5225522 (N.D. Cal. Sept. 17, 2013) ............................................................................. 5, 6, 9

*SunPower Corp. v. PanelClaw, Inc.*,
   1-12-cv-01633, at 3 (D. Del. December 3, 2012) (Sleet, J.) .................................................. 4

*Target Therapeutics, Inc. v. SciMed Life Sys., Inc.*,
   No. C- 94-20775 RPA (EAI), 1995 WL 20470 (N.D. Cal. Jan. 13, 1995) ............................ 7

*Textron Innovations Inc. v. Toro Co.*,
   No. 05-486 (GMS), 2007 WL 7772169 (D. Del. Apr. 25, 2007) .......................................... 5

*Universal Elecs., Inc. v. Universal Remote Control, Inc.*,
   943 F. Supp. 2d 1028 (C.D. Cal. 2013) ................................................................................. 3

*Viskase Corp. v. Am. Nat'l Can Co.*,
   261 F.3d 1316, 1328 (Fed. Cir. 2001) ................................................................................... 2

**STATUTES**

35 U.S.C. §§ 314(b), 316(a)(11) ..................................................................................................... 9

35 U.S.C. § 315(e)(2) ............................................................................................................8

35 U.S.C. § 316(a)(11) ..........................................................................................................9

**OTHER AUTHORITIES**

37 C.F.R. § 42.100(c) ............................................................................................................9

77 Fed. Reg. at 48,695 .........................................................................................................10

Patent, "Summary of the Invention," 4:7-10, Exhibit M. .....................................................5

U.S Patent No. 8,855,147 .............................................................................................1, 2, 4

U.S. Patent Nos. 5,809,492 ...................................................................................................1

I. **INTRODUCTION**

*Five* years after first putting Cox on notice of its infringement allegations, AT&T Intellectual Property I, L.P. and AT&T Intellectual Property II, L.P. ("AT&T") filed this litigation on August 28, 2014, alleging Cox Communications, Inc., et al.[1] infringes eight patents directed to cable television set top boxes, modems, and telephony technologies.[2] On April 16, 2015, AT&T amended its complaint to add a ninth patent directed to the same cable modem technology.[3]

Although this case was filed a year ago, AT&T has been in no hurry to try this case, proposing a long schedule. Indeed, the parties have thus far only engaged in limited document discovery tailored towards a mediation scheduled between the parties for September, 24, 2015. In particular, the parties have only exchanged the Court-required core technical documents, and relevant patent licenses, indemnification agreements, and documents regarding prior litigation of the asserted patents. They have not yet exchanged search terms for any electronic discovery, nor have they begun producing electronic files from designated e-mail custodians pursuant to the

---

[1] The Defendants in this action include Cox Communications, Inc., CoxCom, LLC, Cox Arkansas Telcom, LLC, Cox Communications Arizona, LLC, Cox Arizona Telcom, LLC, Cox California Telcom, LLC, Cox Communications California, LLC, Cox Colorado Telcom, LLC, Cox Connecticut Telcom, LLC, Cox District of Columbia Telcom, LP, Cox Florida Telcom, LP, Cox Communications Georgia, LLC, Cox Georgia Telcom, LLC, Cox Iowa Telcom, LLC, Cox Idaho Telcom, LLC, Cox Communications Kansas, LLC, Cox Kansas Telcom, LLC, Cox Communications Gulf Coast, LLC, Cox Communications Louisiana, LLC, Cox Louisiana Telcom, LLC, Cox Maryland Telcom, LLC, Cox Missouri Telcom, LLC, Cox Nebraska Telcom, LLC, Cox Communications Omaha, LLC, Cox Communications Las Vegas, Inc., Cox Nevada Telcom, LLC, Cox North Carolina Telcom, LLC, Cox Ohio Telcom, LLC, Cox Oklahoma Telcom, LLC, Cox Rhode Island Telcom, LLC, Cox Communications Hampton Roads, LLC, and Cox Virginia Telcom, LLC, (collectively, "Cox" or "Defendants")

[2] U.S. Patent Nos. 5,809,492 ("the '492 Patent"); 6,118,976 ("the '976 Patent"); 6,487,200 ("the '200 Patent"); 6,952,668 ("the '668 Patent"); 7,233,897 ("the '897 Patent"); 7,908,140 ("the '140 Patent"); 6,993,353 ("the '353 Patent"); and 7,907,714 ("the '714 Patent")

[3] U.S Patent No. 8,855,147, ("the '147 Patent")

Stipulated Order Regarding E-Discovery and Agreement Regarding the Format of Document Productions ("ESI Agreement" D.I. 119). AT&T has taken only one deposition to date, to verify the non-infringement facts related to one patent that AT&T should soon drop because there is no arguable infringement position. Fact discovery does not close until January 29, 2016, and expert discovery closes on May 20, 2016. D.I. 85, 133.

Cox has now filed four inter partes review ("IPR") petitions with the Patent Trial and Appeal Board ("PTAB"), challenging the validity of the '200 Patent; the '353 Patent; the '714 Patent; and the '147 Patent ("the IPR Patents"). (Exhibits A-D). Seventy-two of the 135 claims asserted in this case are challenged in the four IPRs. These four IPR petitions challenge *every* asserted claim of the four patents.

Given the early stage of the litigation – where essentially all discovery has focused on the upcoming mediation between the parties, and given that there is no request for an injunction in this case – Cox respectfully requests that the Court stay this case pending resolution of the IPR petitions.

## II. LEGAL STANDARDS

The Court's inherent power to stay this case pending a PTO proceeding is well established and lies within the sound discretion of the Court. *Viskase Corp. v. Am. Nat'l Can Co.*, 261 F.3d 1316, 1328 (Fed. Cir. 2001); *Celorio v. On Demand Books LLC*, No. 12-821-GMS, 2013 WL 4506411, at *1 n.1 (D. Del. Aug. 21, 2013) (citing *Cost Bros. Inc. v. Travelers Indem. Co.*, 760 F.2d 58, 60-61 (3d Cir. 1985)). The factors governing a stay in CBM and *inter partes* review are substantively similar. See *Market-Alerts Pty. Ltd. v. Bloomberg Fin., L.P.*, 922 F. Supp. 2d 486, 489 (D. Del. 2013).

2

Courts base their decision as to whether or not to grant a stay on four factors: "(A) whether a stay, or the denial thereof, will simplify the issues in question and streamline the trial; (B) whether discovery is complete and whether a trial date has been set; (C) whether a stay, or the denial thereof, would unduly prejudice the nonmoving party or present a clear tactical advantage for the moving party; and (D) whether a stay, or the denial thereof, will reduce the burden of litigation on the parties and on the court." AIA § 18(b)(1). (*See also, Pegasus Dev. Corp. v. Directv, Inc.*, No. 00-1020-GMS, 2003 WL 21105073, at *1 (D. Del. May 14, 2003) (citing cases)). However, a "court's inquiry is not limited to these three factors—the totality of the circumstances governs." *Universal Elecs., Inc. v. Universal Remote Control, Inc.*, 943 F. Supp. 2d 1028, 1031 (C.D. Cal. 2013). These factors, and the totality of the circumstances, weigh in favor of staying this case.

### III. ARGUMENT

#### A. This Court Has Recognized the Appropriateness of Staying Cases Pending the PTAB's Decision To Institute IPR Proceedings.

It makes great sense to stay this case pending the IPR proceedings, even before the PTAB has instituted the proceedings. A stay will allow the PTAB to exercise its particular expertise, and avoid the possibility of inconsistent decisions on the merits if the two proceedings were to proceed in parallel. *See e.g. In-Depth Test LLC v. Linear Technology Corp.*, No. 14-1091-GMS, D.I. 22, at 2 n.1 (D. Del. August 22, 2014) (Exhibit E) (instituting temporary stay of litigation pending the PTAB's institution of a covered business method patent proceeding and IPR, finding that "[i]f either CBM or inter partes review is instituted it is very likely to simplify the issues in question and streamline the trial . . . . The court directs all parties . . . to discuss the possibility of extending the stay . . . ."); *IMS Health Inc. v. Symphony Health Solutions Corp. et al.*, 13-2071-

3

GMS, D.I. 174 at 1-2, n.2 (D. Del. December 20, 2013) (Exhibit F) (granting stay where the PTAB has not yet instituted a proceeding on two of the three patents-in-suit); *Message Notification Techs. LLC v Microsoft Corp.*, 13-1881-GMS, D.I. 39 at n.4 (D. Del. November 11, 2013) (Exhibit G) (granting stay pending IPR proceeding before such proceeding was instituted, finding that "the court does not consider the fact that the [PTAB] has not yet decided to institute review . . . to be of great moment . . . . Regardless of whether the PTAB has instituted review, courts will often impose a stay where the facts of the case suggest it is warranted."); *Canatelo LLC v. AXIS Commc'ns AB et al.*, 13-1227-GMS, D.I. 57 at 2 n. 3 (D. Del. July 12, 2013) (Exhibit H) (granting stay where the "PTAB ha[d] not yet granted the defendants' petitions, [as] statistics indicate that it is very likely the PTAB will grant the IPR petitions."); *SunPower Corp. v. PanelClaw, Inc.*, 12-1633-GMS, D.I. 43 at 3 (D. Del. December 3, 2012) (Exhibit I) (granting stay where the PTAB had yet to instituted review of the patent-in-suit); *Bonutti Skeletal Innovations, LLC v. Zimmer Holdings, Inc. et al.*, 12-1107-GMS, D.I. 45 (D. Del. September 10, 2012) (Exhibit J) (granting stay where two of the IPR petitions had not been instituted at the time of the stay ruling).

**B.   Staying this Case Will Simplify the Issues and Reduce the Burden of Litigation.**

Staying this case pending resolution of the IPR Petitions will also simplify the discovery, infringement, validity, and damages issues in this case. Of the nine patents asserted here, the only two directed to data transmission over a cable modem – the '353 Patent and the '147 Patent – share a specification and have similar claims. (*Compare, e.g.*, '353 Patent ( Exhibit K) at 1:20 – 11:67, Figures 1-6, and claim 1 *with* '147 Patent ( Exhibit L) at 1:24 – 10:63, Figures 1-6, and claim 1.) Four other of the patents are directed to cable television set top boxes, modems, and

telephony technologies. Of these four, the '200 Patent is the subject of one of Cox's IPR petitions, while the other three are standards-essential patents with FRAND royalty obligations (and small potential damages) and for which no injunction can be sought. The fourth IPR patent – the '714 Patent – relates to a user interface for modifying telephone subscriber profile data and has significant *Alice* and other invalidity issues. (*See, e.g.*, '714 Patent (Exhibit M), "Summary of the Invention," 4:7-10.) Two of the asserted patents – the '976 Patent and the '200 Patent – will have expired before trial in this case.

"[I]n a stayed infringement proceeding, 'if the [patentee's] claims were canceled in the reexamination, [it] would eliminate the need to try the infringement issue.'" *Fresenius USA, Inc. v. Baxter Int'l, Inc.*, 721 F.3d 1330, 1340 (Fed. Cir. 2013) (quoting *Slip Track Sys., Inc. v. Metal Lite, Inc.*, 159 F.3d 1337, 1342 (Fed. Cir. 1998)). Moreover, "the higher standard to initiate an IPR [compared to reexamination] gives at least some promise that certain challenged claims will be struck down or amended if the PTO grants the petitions." *Software Rights Archive, LLC v. Facebook, Inc.*, Nos. C-12-3970 RMW, C-12-3971 RMW, C-12-3972 RMW, 2013 WL 5225522, at *5 (N.D. Cal. Sept. 17, 2013). The high probability of cancellation or amendment weigh in favor of a stay, *Davol, Inc. v. Atrium Med. Corp.*, No. 12-958-GMS, 2013 WL 3013343, at *5 n.7 (D. Del. June 17, 2013), as they support "a fair inference that the issues in [these] case[s] are apt to be simplified and streamlined to some degree," *Ever Win Int'l Corp. v. Radioshack Corp.*, 902 F. Supp. 2d 503, 506 (D. Del. 2012). In contrast, if there is no stay and claims are canceled, "the Court will have wasted time and the parties will have spent additional funds addressing an invalid claim or claims." *Textron Innovations Inc. v. Toro Co.*, No. 05-486-GMS, 2007 WL 7772169, at *2 (D. Del. Apr. 25, 2007) (internal quotation marks omitted).

### 1. The Results of the IPRs Against 4 of the 9 Patents Asserted In This Case Will Simplify The Issues In This Case

Because Cox has challenged the validity of over half the asserted claims, a stay would necessarily simplify the issues in this case – helping the parties determine at an early stage which patents to drop and limiting discovery, infringement, invalidity, and damages issues. Although Cox has not challenged every asserted claim in the litigation, a stay in the proceedings would still simplify the case. *See, e.g., Bonutti*, 12-1107-GMS, D.I. 45, at 2 (Exhibit J) (granting stay where "four out of six of the [asserted] patents are the subjects of inter partes review" and two of the petitions had not been instituted at the time of the ruling); *ImageVision.Net, Inc. v. Internet Payment Exchange, Inc.*, No. 12-054-GMS-MPT, 2012 WL 5599338, at *4 (D. Del. Nov. 15, 2012) (even where "the issues that would remain for litigation do exceed those that might be resolved through the reexamination process," simplification of the issues "is undeniably a benefit of the requested stay and should be recognized as such."); *Neste Oil OYJ v. Dynamic Fuels, LLC*, No. 12-1744-GMS, 2013 WL 3353984, at *5 (D. Del. July 2, 2013) ("the 'issue simplification' factor does not require complete overlap.").

And, of course, even the scope of claims *not* undergoing an IPR can still be clarified by the PTAB proceedings. *See, e.g., Software Rights Archive*, 2013 WL 5225522, at *5 (finding issue simplification despite the fact that the patentee might still assert 40 additional claims); *Robert Bosch Healthcare Sys., Inc. v. ExpressMD Solutions, LLC*, No. C. 12-00068 JSW, 2013 WL 752474, at *4 (N.D. Cal. Feb. 27, 2013) (issues simplified even though one of the asserted patents not subject to reexamination and the PTO had declined to reexamine some of the claims in another asserted patent). Thus, even if AT&T later asserts claims that are not the subject of an IPR proceeding, issue simplification still exists when the additional claims and patents are

related to and/or share common claim terms with the patents undergoing IPR. *See, e.g., Alloc, Inc. v. Unilin Decor NV*, No. 03-cv-253-GMS, 2003 WL 21640372, at *2 (D. Del. July 11, 2003); *Ruckus Wireless, Inc. v. Netgear, Inc.*, No. C 09-5271 PJH, 2010 WL 1222151, *1 (N.D. Cal. Mar. 25, 2010) (simplification would result due to common claim terms).

### 2. The PTAB Proceeding Itself Will Simplify the Case Even if AT&T's Patents Survive the PTAB Proceedings

In addition to the possibility of eliminating nearly half the case, the IPR proceedings themselves will simplify the case. For example, any amendment of the claims or narrowing statements made by AT&T during the IPRs will, at least, affect claim construction and narrow the scope of discovery and damages. *See, e.g., Krippelz v. Ford Motor Co.*, 667 F.3d 1261, 1266 (Fed. Cir. 2012) ("A patentee's statements during reexamination can be considered during claim construction, in keeping with the doctrine of prosecution disclaimer."); *Round Rock Research LLC v. Dole Food Co.*, Nos. 11-1239-RGA, 11-1241-RGA, 11-1242-RGA, 2012 WL 1185022, at *1 (D. Del. Apr. 6, 2012) ("even if [the claims are] neither rejected nor modified, [they] will garner additional prosecution history that may be relevant to claim construction").

Indeed, to avoid conducting a "significantly wider scope of discovery than necessary" and "examining the validity of claims which are modified or eliminated altogether during [IPR]," it only "makes sense to ascertain the ultimate scope of the claims before trying to figure out whether defendants' products infringe the patent-in-suit." *Target Therapeutics, Inc. v. SciMed Life Sys., Inc.*, No. C- 94-20775 RPA (EAI), 1995 WL 20470, at *2 (N.D. Cal. Jan. 13, 1995).

"[R]egardless of the PTO's conclusions, the results of the reexamination proceeding will aid in simplifying or eliminating the overlapping issues before the court." *Cirrex Sys., LLC v. Verizon Commc'ns, Inc. et al.*, No. 13-921-GMS, D.I. 96, at n.2 (D. Del. May 22, 2013) (Exhibit

7

N). Even in the unlikely event that *every* challenged claim in every patent undergoing IPR is upheld, "the court would [still] benefit from the expert analysis the PTO conducts, thus further simplifying issues before the court." *Celorio*, 2013 WL 4506411, at *1 n.1. Statutory estoppel would simplify the case. *See Davol*, 2013 WL 3013343, at *5 (citing cases); *see also* 35 U.S.C. § 315(e)(2).

  **C. Because AT&T Is Not Asking For an Injunction And Waited At Least 5 Years to Bring this Case After Giving Notice of Infringement, A Stay of this Case Will Not Unduly Prejudice, or Present a Clear Tactical Disadvantage to, AT&T.**

  AT&T will not be unduly prejudiced or suffer a clear tactical disadvantage if this case is stayed pending resolution of the IPR petitions. When considering whether a party will suffer "undue prejudice" or a "tactical disadvantage" from a stay pending PTO review, courts consider: (1) the timing of the request(s) for PTO review and the timing of the stay request, (2) the status of the PTO proceedings, and (3) the relationship between the parties, and the related question of whether the plaintiff may be compensated through future money damages. *Celorio*, 2013 WL 4506411, at *1 n.1. "The potential for litigation delay is not, by itself, dispositive and does not demonstrate that a party will be unduly prejudiced." *BodyMedia, Inc. v. Basis Sci., Inc.*, No. 12-133-GMS, 2013 WL 2462105, at *1 n.l (D. Del. June 6, 2013).

  ***The Timing of the IPR Petitions and this Motion Favor a Stay.*** Cox filed its IPR petitions and this motion to stay before significant substantive activity occurred in this case. Indeed, document discovery has been limited to the exchange of core technical documents, licenses and indemnification agreements, and documents regarding prior litigation of the asserted patents, by agreement of the parties so as to focus their discovery towards a scheduled mediation. The parties have not yet produced any email communications or files from any custodians pursuant to the ESI Agreement. Just one deposition has taken place as to a single patent, and that

8

deposition took place so early so as to allow AT&T to verify the facts necessary to allow it to drop that patent from the case. Indeed, the parties have only exchanged their preliminary infringement and validity contentions and are just now working towards their claim construction briefing which is not due until September 18, 2015.

Under these circumstances, the IPR petitions and this motion were filed "in a timely fashion." *See Ever Win Int'l Corp. v. Radioshack Corp.*, 902 F. Supp. 2d 503, 508-09 (D. Del. 2012) (timing of requests for PTO review and stay made over six months after filing of complaint favored a stay). Further, Cox has no dilatory motive and is not "motivated by inappropriate litigation tactics" in its filing of IPR petitions and subsequent filing of this motion. *See id.*; *see also BodyMedia*, 2013 WL 2462105, at *1 n.1 (no evidence of "dilatory motive" where request for PTO review and stay motion were filed before entry of scheduling order and before any discovery).

**The Status of the PTO Proceedings.** "It is not uncommon for courts to grant stays pending" PTO review even before the PTO has decided to grant review. *Air Vent, Inc. v. Owens Corning Corp.*, No. 02:10-cv-01699, 2012 WL 1607145, at *3 (W.D. Pa. May 8, 2012); *see also, e.g., Software Rights Archive*, 2013 WL 5225522, at *1-6 (granting stay before IPR instituted); *Princeton Digital Image Corp. v. Konami Digital Entm't, Inc.*, No. 12-1461-LPS-CJB, slip op. at 5 (D. Del. Jan. 15, 2014) (granting stay before IPR instituted).

In the case of IPRs, the PTO is statutorily obligated to decide whether to grant review within six months of a petition being filed and complete its review and issue a final determination within 18 months of filing.[4] *See* 35 U.S.C. §§ 314(b), 316(a)(11). Consequently,

---

[4] The PTO's one-year decision-making period may be extended for good cause by not more than six months, 35 U.S.C. § 316(a)(11); 37 C.F.R. § 42.100(c), although "[e]xtensions of the

9

the early stage of the IPR petitions does not "overcome the weight of th[o]se other sub-factors" with respect to undue prejudice. *See Neste Oil*, 2013 WL 3353984, at *4.

**CONCLUSION**

For all of the foregoing reasons, Cox respectfully requests that the Court stay this case pending resolution of the IPR petitions.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ *Robert M. Vrana*

Melanie K. Sharp (No. 2501)
Robert M. Vrana (No. 5666)
1000 North King Street
Wilmington, DE 19801
(302) 571-6681
msharp@ycst.com

PROSKAUER ROSE
Steven M. Bauer
Gordon W. Sirles
Scott W. Bertulli
One International Place
Boston, MA 02110-2600
(617) 526-9700

Dated: September 4, 2015       *Attorneys for Cox Communications, Inc., et al.*

01:17650461.1

---

one-year period are anticipated to be rare," 77 Fed. Reg. at 48,695.