IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AT&T INTELLECTUAL PROPERTY I, L.P. and AT&T INTELLECTUAL PROPERTY II, L.P., ) ) ) ) | |
| Plaintiffs, ) | C.A. No. 14-1106-GMS |
| v. ) ) | |
| COX COMMUNICATIONS, INC., et al., ) ) | |
| Defendants. ) | |

**PLAINTIFFS' RESPONSE TO DEFENDANTS'
MOTION TO STAY PENDING *INTER PARTES* REVIEW**

*Of Counsel:*

Theodore Stevenson, III
David Sochia
Jared Hoggan
Phillip Aurentz
Travis DeArman
MCKOOL SMITH, PC
300 Crescent Court, Suite 1500
Dallas, Texas 75201
(214) 978-4000

Dated: September 21, 2015

ASHBY & GEDDES
John G. Day (#2403)
Lauren E. Maguire (#4261)
500 Delaware Avenue, 8th Floor
Wilmington, DE 19899
(302) 654-1888
jday@ashby-geddes.com
lmaguire@ashby-geddes.com

*Attorneys for Plaintiffs*

{01046095;v1 }

**TABLE OF CONTENTS**

I. INTRODUCTION ...........................................................................................................1

II. BACKGROUND .............................................................................................................1

III. LEGAL STANDARD......................................................................................................2

IV. THE RELEVANT FACTORS WEIGH HEAVILY AGAINST A STAY.........................3

    A. The Fact that AT&T Will Suffer Undue Prejudice and a Clear Tactical Disadvantage Weighs Heavily Against a Stay..........................................4

        1. AT&T and Cox are direct competitors .........................................................4

        2. Cox is attempting to gain a tactical advantage in the overall dispute between the parties ........................................................................5

        3. Cox's delay in filing its IPR requests does not support a stay ....................6

        4. The status of the review does not support a stay .........................................7

    B. The Stage of the Case Weighs Against a Stay............................................................8

    C. A Stay Will Not Simplify the Issues in This Case......................................................9

V. CONCLUSION..............................................................................................................10

...

# **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Affinity Labs of Texas v. Apple, Inc.*,
  2010 U.S. Dist. LEXIS 50974 (N.D. Cal. Apr. 29, 2010) .......................................................7

*Bonutti Skeletal Innovations, LLC v. Zimmer Holdings, Inc.*,
  1-12-cv-01107 (D. Del. September 10, 2012) (Sleet, J.) .........................................................4

*Canvs Corp. v. United States*,
  118 Fed. Cl. 587 (Fed. Cl. 2014) ............................................................................................3

*Cherokee Nation of Oklahoma v. U.S.*,
  124 F.3d 1413 (Fed. Cir. 1997) ...............................................................................................2

*Courtesy Prods., L.L.C. v. Hamilton Beach Brands, Inc.*,
  2015 U.S. Dist. LEXIS 116032 (D. Del. Sept. 1, 2015) ......................................................5, 8

*Davol, Inc. v. Atrium Med. Corp.*,
  2013 U.S. Dist. LEXIS 84533 (D. Del. June 17, 2013) .................................................. passim

*Esco Corp. v. Berkeley Forge & Tool, Inc.*,
  2009 U.S. Dist. LEXIS 94017 (N.D. Cal. Sept. 28, 2009) .......................................................7

*Fisher-Price, Inc. v. Kids II, Inc.*,
  2011 U.S. Dist. LEXIS 146553 (W.D.N.Y. Dec. 21, 2011) ....................................................6

*Freeny v. Apple, Inc.*,
  2014 U.S. Dist. LEXIS 99595 (E.D. Tex. July 22, 2014) ....................................................3, 9

*Imagevision.net, Inc. v. Internet Payment Exchange, Inc.*,
  2013 U.S. Dist. LEXIS 25015 (D. Del. Feb. 25, 2013) ...........................................................7

*In-depth Test LLC v. Linear Tech. Corp.*,
  1-14-cv-01091, at 2 (D. Del. August 22, 2014) (Sleet, J.) ...................................................4, 5

*Intellectual Ventures I LLC v. Toshiba Corp.*,
  2015 U.S. Dist. LEXIS 63859 (D. Del. May 15, 2015) .....................................................4, 10

*Intellectual Ventures I LLC v. Xilinx, Inc.*,
  2014 U.S. Dist. LEXIS 33687 (D. Del. Mar. 5, 2014) ............................................................3

*Landis v. North Am. Co.*,
  299 U.S. 248 (1936) .............................................................................................................2, 3

*Market-Alerts Pty. Ltd. v. Bloomberg Fin. L.P.*,
  922 F. Supp. 2d 486 (D. Del. 2013) ............................................................................................3

*Message Notification Techs. LLC v. Microsoft Corp.*,
  2015 U.S. Dist. LEXIS 30626 (D. Del. Feb. 24, 2015) ..............................................................4

*Mike's Train House, Inc. v. Broadway Limited Imports, LLC*,
  2011 U.S. Dist. LEXIS 22224 (D. Md. Mar. 3, 2011) ................................................................7

*Netlist, Inc. v. Smart Storage Sys.*,
  2014 U.S. Dist. LEXIS 116979 (N.D. Cal. Aug. 21, 2014) ........................................................8

*Nidec Corp. v. LG Innotek Co.*,
  2009 U.S. Dist. LEXIS 46123 (E.D. Tex. Apr. 3, 2009) ............................................................2

*Nokia Corp. v. Apple Inc.*,
  2011 U.S. Dist. LEXIS 58773 (D. Del. June 1, 2011) ...............................................................8

*NuVasive, Inc. v. Neurovision Meds. Prods., Inc.*,
  2015 U.S. Dist. LEXIS 85894 (D. Del. June 23, 2015) .............................................................8

*Pragmatus Mobile, LLC v. Amazon.com, Inc.*,
  2015 U.S. Dist. LEXIS 82256 (D. Del. June 17, 2015) .............................................................9

*Procter & Gamble Co. v. Kraft Foods Global, Inc.*,
  549 F.3d 842 (Fed. Cir. 2008) ....................................................................................................4

*Progressive Cas. Ins. Co. v. Safeco Ins. Co.*,
  2013 WL 1662952 (N.D. Ohio Apr. 17, 2013) ..........................................................................3

*Rensselaer Polytechnic v. Apple Inc.*,
  2014 U.S. Dist. LEXIS 5186 (N.D.N.Y. Jan. 15, 2014) .............................................................9

*Sunbeam Prods. v. Hamilton Beach Brands, Inc.*,
  2010 U.S. Dist. LEXIS 45654 (E.D. Va. May 7, 2010) .........................................................3, 4

*Trover Group, Inc. v. Dedicated Micros U.S.A.*,
  2015 U.S. Dist. LEXIS 29572 (E.D. Tex. Mar. 11, 2015) .........................................................8

*Wordtech Sys., Inc. v. Microboards Mfg., LLC*,
  2010 U.S. Dist. LEXIS 47907 (N.D. Cal. Apr. 22, 2010) ..........................................................7

**STATUTES**

35 U.S.C. 315(b) .............................................................................................................................7

35 U.S.C. §§ 141(c) and 319 ..........................................................................................................6

35 U.S.C. § 311 *et seq.* ...................................................................................................................6

**OTHER AUTHORITIES**

37 C.F.R. §§ 42.51 *et seq.*...................................................................................................6

37 C.F.R. § 42.107 ...............................................................................................................6

I.  **INTRODUCTION**

While this case has been pending for over a year, the underlying licensing dispute between AT&T and Cox is much older. After five years of negotiating in good faith, and after receiving multiple rejections to fair licensing offers, AT&T turned to the federal court system to decide this dispute on the merits. Since then Cox has tried to inject delay at every turn in order to gain a tactical advantage—first seeking a transfer of this case to Georgia, and now seeking a stay. While trying to slow this case down, Cox has continued its infringement of AT&T's patents by offering its customers competing products that require AT&T's patented ideas to operate, and has continued to pursue its retaliatory action filed in the Northern District of Georgia. Despite the fact that the IPR petitions may never be instituted by the PTAB, Cox now brings this motion seeking to delay yet again. At bottom, Cox failed to meet its burden to show that a stay of this case is warranted, and the Court should deny the motion for the following three reasons. *First*, a stay will result in undue prejudice and a tactical disadvantage to AT&T, a direct competitor to Cox. *Second*, Cox's motion is untimely as this case is in the heart of discovery and claim construction briefing has already commenced. *Third*, granting a stay will not simplify the issues in dispute as Cox only filed IPR petitions on 4 of the 9 patents-in-suit. AT&T asks this Court to deny Cox's motion for stay and force it to litigate this case without further delay.

II.  **BACKGROUND**

AT&T and Cox compete in television, Internet, and voice over IP ("VoIP") services for consumers as well as businesses, in many cases within the same markets. AT&T first approached Cox in 2009 in an effort to license Cox entities infringing AT&T's intellectual property.  In 2009 and 2010, AT&T identified several patents to Cox (including several of the patents-in-suit), specifically identified Cox's infringing products and services, and demonstrated to Cox its infringement of the '200, '353, '897, '492, and '976 patents-in-suit. Over the following four

years, the parties continued their negotiations but, despite AT&T's best efforts, Cox refused to make or accept a reasonable offer. Only after all other approaches failed did AT&T file its original Complaint in this action on August 28, 2014. On January 12, 2015, Cox filed a motion to transfer venue to the Northern District of Georgia—a motion this Court found to be in bad faith. On February 2, 2015, this Court issued its Scheduling Order, setting trial on October 31, 2016, claim construction opening briefs on September 18, 2015, and a Markman hearing on November 24, 2015. On May 27, 2015, shortly before its one-year deadline to file an IPR petition was to expire, and *five* years after AT&T identified to Cox its infringement of the '200 and '353 patents, Cox filed IPR petitions against the '200, '353 and '714 patents. A little more than two months ago Cox added an IPR petition for the '147 patent. Cox now seeks to delay any further proceedings in this case by asking this Court for a stay, even though the IPRs may never be instituted.

## III. LEGAL STANDARD

A federal trial court has inherent authority and discretion to control the disposition of its cases. *See Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936). This discretion, however, is not without bounds. *See Cherokee Nation of Oklahoma v. U.S.*, 124 F.3d 1413, 1416 (Fed. Cir. 1997). If a party requests a stay that is "indefinite," the Court must "first identify a pressing need for the stay." *See Cherokee Nation*, 124 F.3d at 1416. Because a stay pending PTO/PTAB review of a patent may involve multiple appeals and last several years, it is considered indefinite. *See Nidec Corp. v. LG Innotek Co.*, 2009 U.S. Dist. LEXIS 46123, at *8 (E.D. Tex. Apr. 3, 2009). The AIA does not disrupt the Court's inherent power to manage its docket or Federal Circuit precedent requiring a movant to show a pressing need for an indefinite stay. *See generally*, *Cherokee Nation*, 124 F.3d at 1416.

"The moving party bears the burden of showing that a stay is appropriate . . . and such showing *must* be based on more than the mere fact that a petition for *inter partes* review was filed." *Canvs Corp. v. United States*, 118 Fed. Cl. 587, 591–92 (Fed. Cl. 2014) (emphasis added and citations omitted). In exercising its broad discretion as to whether it should grant a stay pending IPR review, the Court should consider three factors: "(1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether discovery is complete and whether a trial date has been set." *Davol, Inc. v. Atrium Med. Corp.*, 2013 U.S. Dist. LEXIS 84533, at *3-4 (D. Del. June 17, 2013).[1] "A movant's failure to articular [sic] a clear hardship or inequity that it would suffer in the absence of a stay also weighs against such relief." *Intellectual Ventures I LLC v. Xilinx, Inc.*, 2014 U.S. Dist. LEXIS 33687, at *4 (D. Del. Mar. 5, 2014).

## IV. THE RELEVANT FACTORS WEIGH HEAVILY AGAINST A STAY

The party moving for a stay bears the burden of showing "a clear case of hardship or inequity" in the case proceeding, "if there is even a fair possibility that the stay . . . will work damage" on another party. *Landis*, 299 U.S. at 255; *Sunbeam Prods. v. Hamilton Beach Brands, Inc.*, 2010 U.S. Dist. LEXIS 45654, at *15 (E.D. Va. May 7, 2010). While ignoring the clear prejudice to AT&T, Cox failed to offer a *single* reason why it will suffer any hardship or inequity if this case moves forward. "[B]eing required to defend a suit, without more, does not constitute a clear case of hardship or inequity . . . . The mere fact that this action will go forward, and that

---

[1] AT&T cites to multiple cases in this briefing that reference the three-factor test for a motion to stay with respect to *reexamination* proceedings, the pre-AIA predecessor to IPR. In creating IPR, Congress did not articulate a test for granting a stay pending *inter partes* review. *Compare* AIA § 18(b)(1) (setting forth a four-factor test for a stay pending CBM review). As such, federal courts have turned to the traditional three-factor test and utilized analogous pre-AIA *reexamination* case law in deciding whether to stay a case pending *inter partes* review. *Freeny v. Apple, Inc.*, 2014 U.S. Dist. LEXIS 99595, at *6–7 (E.D. Tex. July 22, 2014); *see also Market-Alerts Pty. Ltd. v. Bloomberg Fin. L.P.*, 922 F. Supp. 2d 486, 489 (D. Del. 2013) (distinguishing factors between stay pending CBM and reexam); *Progressive Cas. Ins. Co. v. Safeco Ins. Co.*, 2013 WL 1662952 at *2 (N.D. Ohio Apr. 17, 2013) (same). Cox incorrectly includes the fourth CBM factor, whether a stay or denial thereof will reduce the burden of litigation on the parties and the court. (Cox Br. at 3, citing AIA § 18(b)(1)).

litigating it will cost money, is an insufficient reason to warrant a stay." *Sunbeam Prods.*, 2010 U.S. Dist. LEXIS 45654, at *14. As stated in AT&T's preliminary responses filed with the PTAB, Cox's IPR petitions are fatally flawed and are unlikely to be instituted.[2] The mere fact that PTO review *could* result in the cancellation of claims does not, on its own, weigh in favor of a stay. *See Procter & Gamble Co. v. Kraft Foods Global, Inc.*, 549 F.3d 842, 849 (Fed. Cir. 2008). Because Cox failed to demonstrate to this Court that a stay is necessary, its motion should be denied. *See Intellectual Ventures I LLC v. Toshiba Corp.*, 2015 U.S. Dist. LEXIS 63859, at *8 (D. Del. May 15, 2015).

> **A. The Fact that AT&T Will Suffer Undue Prejudice and a Clear Tactical Disadvantage Weighs Heavily Against a Stay**
>
> **1. AT&T and Cox are direct competitors.**

AT&T and Cox are two of the largest television media and internet providers in the United States. As this Court noted in *Bonutti*, "[a]s a general matter, courts hesitate to grant stays where the parties are direct competitors." *Bonutti Skeletal Innovations, LLC v. Zimmer Holdings, Inc.*, Dkt. No. 153-2, Ex. J at 9. Cox string cites six orders from this Court granting stay as support for its position that a stay prior to institution of IPR proceedings is appropriate. (Cox Br. at 3-4). Those cases are unpersuasive, however, because in five of those six cases the party opposing stay was either a non-practicing entity or not a direct competitor of the party requesting a stay.[3] In the only one of these cited cases in which a stay was granted between competitors, a

---

[2] AT&T's preliminary responses to Cox's IPR petitions for the '353, '714 and '200 patents are attached hereto as Ex. A-C, respectively. The preliminary response for the IPR petition for the '147 patent is not yet due.

[3] *See, e.g.*, *In-depth Test LLC v. Linear Tech. Corp.*, Dkt. No. 153-1, Ex. E (In-depth is a subsidiary of Acacia Research Corporation, a noted non-practicing licensing entity); *Message Notification Techs. LLC v. Microsoft Corp.*, 2015 U.S. Dist. LEXIS 30626, at *10 (D. Del. Feb. 24, 2015) ("MNT is a non-practicing entity, without competing products . . . ."); *Canatelo LLC v. AXIS Commc'ns. AB*, Dkt. No. 153-2, Ex. H at n.2 ("Canatelo is a non-practicing entity and, by its own admission, does not compete with the defendants."); *SunPower Corp. v. PanelClaw, Inc.*, Dkt. No. 153-2, Ex. I at 3 ("[T]he court concludes that the parties are not direct competitors."); *Bonutti*, Dkt. No. 153-2, Ex. J at 9 ("Bonutti concedes that it 'does not manufacture products or engage in head-to-head competition with Defendants.'").

stay pending CBM review was being sought, not a stay pending IPR. *IMS Health Inc. v. Symphony Health Solutions Corp.*, Dkt. No. 153-1, Ex. F at 1 n.1. As such, the Court was *compelled* by AIA § 18(b)(1) to consider a fourth factor, the burden of litigation, which is not relevant to analysis for IPR petitions. *See* n.1, *supra*. As the order demonstrates, had a request to stay pending IPR been at issue in *IMS Health*, the relevant factors suggest that a denial of the request for stay would have been appropriate. *IMS Health*, Dkt. No. 153-1, Ex. F at 1-2 n.2.

It is undisputed that AT&T and Cox are direct competitors in the television, Internet, and VoIP markets for both consumers and businesses. *See, e.g.*, Dkt. No. 114 at 2. As this Court noted in *Davol*, if the parties are direct competitors, "there is a reasonable chance that delay in adjudicating the alleged infringement will have outsized consequences to the party asserting infringement has occurred, including the potential for loss of market share and an erosion of goodwill." *Davol, Inc.*, 2013 U.S. Dist. LEXIS 84533, at *8; *see also Courtesy Prods., L.L.C. v. Hamilton Beach Brands, Inc.*, 2015 U.S. Dist. LEXIS 116032, at *4 (D. Del. Sept. 1, 2015) ("Finally, and perhaps most significantly, [Plaintiff] is in direct competition with, and has lost business to, [Defendant]"). The unavoidable prejudice to AT&T's business that would result from a stay strongly supports denying Cox's motion.

### 2. Cox is attempting to gain a tactical advantage in the overall dispute between the parties.

Contrary to Cox's arguments, AT&T will suffer undue prejudice and a clear tactical disadvantage if this case is stayed pending the resolution of the IPR petitions. For example, a stay will further prevent AT&T from enforcing its patent rights for several years as the IPR petitions are addressed by the PTAB and, potentially, on appeal. While the IPR process is intended to be completed expeditiously, there is no guarantee that the process will be completed within a set time frame, as any party may request reconsideration and appeal the decision to the

Federal Circuit. *See* 35 U.S.C. §§ 141(c) and 319; 37 C.F.R. § 42.107; 37 C.F.R. §§ 42.51 *et seq.*; 35 U.S.C. § 311 *et seq*. Also, any instituted IPRs may not be resolved until after many of the asserted patents expire. *See Fisher-Price, Inc. v. Kids II, Inc.*, 2011 U.S. Dist. LEXIS 146553, at *9 (W.D.N.Y. Dec. 21, 2011) (observing that because the patent would expire during the pendency of reexamination proceedings, "if the matter were stayed, as Defendant requests, Plaintiff would be without the benefit of the patent"). The prejudice suffered by AT&T is exacerbated by Cox's retaliatory suit in the Northern District of Georgia. If Cox succeeds in staying the present suit, Cox will enjoy an undue tactical advantage in that its own offensive litigation will move forward and put AT&T solely on the defensive in the Georgia litigation and before the PTAB. Further, given that AT&T directly competes with Cox in a number of markets, a stay of AT&T's case against Cox enables Cox to competitively harm AT&T by providing unlicensed products and services that infringe AT&T's patents.[4]

Cox attempts to disregard any tactical advantage gained over AT&T by claiming AT&T was dilatory in filing suit. On the contrary, AT&T tried to do the right thing but, because Cox refused AT&T's reasonable attempts to license AT&T's patents, AT&T was left with no choice but to file suit. It is undisputed that Cox was made aware of its infringement many years before AT&T filed this action. Nevertheless, Cox continually seeks to gain a tactical advantage—first by refusing to license and then by unnecessarily and belatedly seeking to delay the resolution of this lawsuit. Cox's efforts should not be rewarded by granting a stay.

### 3. Cox's delay in filing its IPR requests does not support a stay.

As mentioned above, AT&T informed Cox of its infringing activity years before filing

---

[4] AT&T's failure to seek a permanent injunction should not be used as an indication of a lack of competitive harm. *See Davol, Inc.*, 2013 U.S. Dist. LEXIS 84533, at *12-13. For example, AT&T has accused Cox of infringing patents that AT&T has dedicated to license on fair, reasonable and nondiscriminatory ("FRAND") terms and conditions, and several jurisdictions have questioned the propriety of seeking an injunction for infringement of such patents.

this lawsuit. On August 28, 2014 AT&T filed its complaint, and the next day served it to Cox. Cox therefore had until August 2015 to request institution of IPR proceedings. *See* 35 U.S.C. 315(b). Cox delayed its request a full *nine* months, waiting until the end of May 2015 to request institution of IPR proceedings. Then Cox waited an additional *four* months to request a stay. Given the years of negotiations before filing suit, Cox's dilatory actions can only be attributable to its ongoing campaign of delay. *See, Imagevision.net, Inc. v. Internet Payment Exchange, Inc.*, 2013 U.S. Dist. LEXIS 25015, *17 (D. Del. Feb. 25, 2013) ("[a] request for reexamination made well after the onset of litigation followed by a subsequent request to stay may lead to an inference that the moving party is seeking an inappropriate tactical advantage.") (internal citation omitted); *Mike's Train House, Inc. v. Broadway Limited Imports, LLC*, 2011 U.S. Dist. LEXIS 22224 (D. Md. Mar. 3, 2011) ("Perhaps more telling, however, is the fact that Defendant waited more than a year after this case began to request reexamination. Other courts have found, and this Court agrees, that an 'inexplicable or unjustified' delay in requesting reexamination suggests a tactical motive, which is itself grounds for denying a stay.").[5]

### 4. The status of the review does not support a stay.

The AIA does not make the grant of a stay automatic, place any presumption in favor of a stay, or codify any effort to put a heavy thumb on the scale in favor of a stay. Instead, the AIA leaves the determination of whether to stay a case within the sound discretion of the courts. To that end, many courts have followed the reasoning that "a complete stay of the litigation may be unwarranted where the PTO has yet to decide whether to move forward with *inter partes*

---

[5] *See also, Affinity Labs of Texas v. Apple, Inc.*, 2010 U.S. Dist. LEXIS 50974, *6 (N.D. Cal. Apr. 29, 2010) (finding that filing a motion to transfer, then an IPR petition, and a motion to stay within one year of the filing date of suit constituted "significant delays [that] weigh heavily against granting the stay."); *Wordtech Sys., Inc. v. Microboards Mfg., LLC*, 2010 U.S. Dist. LEXIS 47907, *6 (N.D. Cal. Apr. 22, 2010) ("the Court notes that although defendants have been aware of plaintiff's infringement claims since at least August 2008 . . . defendants did not seek reexamination until December 2009. Defendants fail to explain this delay."); *Esco Corp. v. Berkeley Forge & Tool, Inc.*, 2009 U.S. Dist. LEXIS 94017, *10-11 (N.D. Cal. Sept. 28, 2009) (finding attempt at unfair tactical advantage).

review." *Netlist, Inc. v. Smart Storage Sys.*, 2014 U.S. Dist. LEXIS 116979, at *5 (N.D. Cal. Aug. 21, 2014) (citations omitted); see also *Davol, Inc.*, 2013 U.S. Dist. LEXIS 84533, at *17-19 (finding that "forc[ing] the non-moving party to wait . . . for the preliminary decision on whether to even hear the challenge" was a delay that weighs against granting a stay). In the District of Delaware, there is a preference "that, in the main, cases filed by a plaintiff should move forward," even in the face of pending requests for institution of IPR. *See NuVasive, Inc. v. Neurovision Meds. Prods., Inc.*, 2015 U.S. Dist. LEXIS 85894, at *8-9 (D. Del. June 23, 2015). The fact that the PTAB has not yet made a decision about whether to institute any of the requested IPRs supports denying Cox's request for a stay.

### B. The Stage of the Case Weighs Against a Stay

Cox's suggestion that discovery is at an early stage is incorrect. The deadline for substantial completion of document production is October 18, deposition notices have been served, interrogatories and requests for production have been served and answered, opening claim construction briefs have been filed, and fact discovery ends in four months. Cox exhausted nearly the entirety of the statutory filing period before filing its IPR petitions. Cox's delay places the filing of the IPR petitions and the motion to stay squarely within the heart of discovery. For this reason, the Court should deny the motion. *See Trover Group, Inc. v. Dedicated Micros U.S.A.*, 2015 U.S. Dist. LEXIS 29572, at *8 (E.D. Tex. Mar. 11, 2015).

Courts have denied stays in cases that have progressed as far as this lawsuit. *See*, *e.g.*, *Courtesy Prods., L.L.C.*, 2015 U.S. Dist. LEXIS 116032, at *1-2 (denying stay when fact discovery was ongoing, parties had just begun briefing on claim construction, and trial date was 18 months away); *Nokia Corp. v. Apple Inc.*, 2011 U.S. Dist. LEXIS 58773, at *6 (D. Del. June 1, 2011) (denying stay where fact discovery was ongoing and trial was eleven months away); *Pragmatus Mobile, LLC v. Amazon.com, Inc.*, 2015 U.S. Dist. LEXIS 82256, at *4 (D. Del. June

17, 2015) (denying stay during discovery and when the Markman hearing had not taken place).

Further, because Cox alleges it has almost no non-public documents and no source code for almost all of the accused products that Cox uses in its network and sells or leases to its customers, AT&T has been required to seek discovery from third parties for much of the infringement-related discovery in this case. AT&T served third party subpoenas in June for documents, source code, and depositions to Cox suppliers Broadsoft, Arris Group, Cisco, Netgear, and Ubee. AT&T is in communication with these parties and has received document productions from at least Ubee at this time. A stay will prejudice AT&T by halting the progress of this vital third party infringement discovery that would be difficult and time-consuming to restart after a stay is lifted.

### C. A Stay Will Not Simplify the Issues in This Case

Courts recognize that it is difficult to predict the effect of a stay because of the uncertainty as to whether the PTAB will institute IPR petitions. *Pragmatus Mobile, LLC*, 2015 U.S. Dist. LEXIS 82256, at *3-4 ("Generally, 'the "simplification" issue does not cut in favor of granting a stay prior to the time the PTAB decides whether to grant the petition for inter partes review."); *Rensselaer Polytechnic v. Apple Inc.*, 2014 U.S. Dist. LEXIS 5186, at *25 (N.D.N.Y. Jan. 15, 2014) ("[I]t is not at all clear whether the process will, in fact, simplify any of the issues in this action. The PTO has yet to issue an initial determination regarding whether to institute an IPR trial."); *Freeny*, 2014 U.S. Dist. LEXIS 99595, at *8-9 ("If the petition is denied, the stay would contribute not at all to simplifying the issues before the Court.").

Additionally, Cox has filed IPR petitions on only four of the nine patents-in-suit. That means that for over half of the patents-in-suit, the IPR proceedings, even if instituted, will have no effect whatsoever. It would be prejudicial to AT&T to halt a nine-patent lawsuit based merely on *possible* institution against only four patents. *See Davol, Inc.*, 2013 U.S. Dist. LEXIS 84533,

at *14-17 ("Moreover, the court is concerned by [Defendant's] failure to seek inter partes review of [one of the patents-in-suit]—a stay of this action in its entirety will do little to advance the parties' dispute over [that patent], and allowing litigation to proceed solely with respect to that patent while the parties await a PTO decision on the other two patents-in-suit would invite substantial inefficiency.").

In its brief Cox argues that a stay should be granted because the IPR proceedings may result in claims being canceled or amended, thus simplifying discovery in the case. (Cox Br. at 4-8). Cox's argument, however, ignores the substantial overlap between the patents-in-suit regarding Cox's accused products and services. Even in the unlikely event that the PTAB cancels every asserted claim of the four patents—an outcome that is extremely unlikely in view of Patent Office statistics[6]—the remaining five patents accuse most of the same Cox products and services, including Cox's television and VoIP offerings, and products used in Cox's broadband internet. As a result, the discovery Cox seeks to avoid by requesting a stay will inevitably go forward on the remaining patents whether the IPRs result in cancellation of all, some, or none of the claims. Thus, pushing forward with the case now will neither waste nor reduce the amount of discovery needed for this case. As a result, the Court should deny the request for a stay as granting a stay will not simplify the issues but rather postpone the inevitable discovery that will need to take place. *See Intellectual Ventures I LLC*, 2015 U.S. Dist. LEXIS 63859, at *9-10.

## V. CONCLUSION

For the reasons stated above, AT&T respectfully requests that Cox's motion be denied.

---

[6] During the period of September 16, 2012 through June 16, 2015, only 65% of claims challenged in petitions were included in PTAB trial stage proceedings, and of those there was a claim survival rate of 46% after final written decision. Harness Dickey, *Harnessing Patent Office Litigation Vol. 10*, http://ipr-pgr.com/wp-content/uploads/2015/08/IPR-PGR-Report-Vol.-10.pdf.

|  |  |
|---|---|
|  | ASHBY & GEDDES |
| *Of Counsel:* | /s/ *Lauren E. Maguire* |
|  | _____ |
| Theodore Stevenson, III | John G. Day (#2403) |
| David Sochia | Lauren E. Maguire (#4261) |
| Jared Hoggan | 500 Delaware Avenue, 8th Floor |
| Phillip Aurentz | Wilmington, DE 19899 |
| Travis DeArman | (302) 654-1888 |
| MCKOOL SMITH, PC | jday@ashby-geddes.com |
| 300 Crescent Court, Suite 1500 | lmaguire@ashby-geddes.com |
| Dallas, Texas 75201 |  |
| (214) 978-4000 | *Attorneys for Plaintiffs* |

Dated: September 21, 2015