IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AT&T INTELLECTUAL PROPERTY I, L.P. and AT&T INTELLECTUAL PROPERTY II, L.P., <br><br> Plaintiffs, <br><br> v. <br><br> COX COMMUNICATIONS, INC., et al. <br><br> Defendants. | C.A. No. 14-cv-1106 (GMS) |

## ORDER

WHEREAS, the plaintiffs (collectively, "AT&T") filed an Original Complaint (D.I. 1) on August 28, 2014 and a First Amended Complaint (D.I. 114) on April 13, 2015 against thirty-two Cox Communications entities (collectively, "Cox") alleging that Cox infringes U.S. Patent Nos. 5,809,492 ("the '492 Patent"); 6,118,976 ("the '976 Patent"); 6,487,200 ("the '200 Patent"); 6,952,668 ("the '668 Patent"); 7,233,897 ("the '897 Patent"); 7,908,140 ("the '140 Patent"); 6,993,353 ("the '353 Patent"); 7,907,714 ("the '714 Patent"); and 8,855,147 ("the '147 patent") (collectively, "patents-in-suit");

WHEREAS, Cox filed its Answer to the Original Complaint (D.I. 38) on October 20, 2014 and its answer to the Amended Complaint on April 30, 2015 (D.I. 116);

WHEREAS, on September 4, 2015, Cox filed a Motion to Stay Litigation Pending Inter Partes Review ("IPR") of the '353, '714, '200, and '147 Patents (D.I. 152);

WHEREAS, on September 21, 2015, AT&T filed its Answering Brief in Opposition to Cox's Motion to Stay (D.I. 160);

WHEREAS, Cox asserts a stay is appropriate because: (1) the results of the IPRs will simplify the issues in the case and the scope of other claims may be clarified by the Patent Trial

and Appeal Board ("PTAB") proceedings (D.I. 153 at 4–8); (2) AT&T will not be prejudiced because it is not seeking an injunction and delayed in bringing this case (*id.* at 8); (3) the parties have so far performed only limited discovery (*id.* at 8–9); and (4) it is not uncommon for courts to grant stays pending PTAB review before the PTAB has decided to grant review (*id.* at 9);

WHEREAS, AT&T responds that Cox's Motion to Stay (D.I. 152) should be denied because: (1) Cox has not shown that it will suffer hardship if the case moves forward (D.I. 160 at 3–4); (2) AT&T will be prejudiced by the stay because the parties are direct competitors and the delay will put AT&T at a tactical disadvantage regarding a separate suit brought by Cox against AT&T in the Northern District of Georgia (*id.* at 4–6); (4) Cox delayed in requesting IPR of the asserted patents (*id.* at 6–7); (5) the PTAB has not yet made a decision about whether to institute any of the requested inter partes reviews (*id.* at 7–8); the parties are in "the heart of discovery" (*id.* at 8); and (6) a stay will not simplify the issues because the IPR petitions cover only four of the nine patents-in-suit, and it is unclear whether the PTAB will institute any IPR petitions at all (*id.* at 7–10);

WHEREAS, a decision to stay a litigation lies within the sound discretion of the court and represents an exercise of the court's "inherent power to conserve judicial resources by controlling its own docket"[1] and it is well settled that this authority extends to patent cases in which a PTAB review has been requested[2];

WHEREAS, courts assessing whether to grant a motion to stay are tasked with considering: "(1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-

---

[1] *Cost Bros., Inc. v. Travelers Indem. Co.*, 760 F.2d 58, 60 (3d Cir. 1985); *see also Nokia Corp. v. Apple, Inc.*, No. 09-791-GMS, 2011 WL 2160904, at *1 (D. Del. June 1, 2011).
[2] *See Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988) ("Courts have inherent power to manage their dockets and stay proceedings, including the authority to order a stay pending conclusion of a PTO examination.").

moving party; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether discovery is complete and whether a trial date has been set"[3];

WHEREAS, in consideration of Cox's Motion to Stay Pending Inter Partes Review (D.I. 152), the parties submissions in connection therewith, and the relevant law, the court concludes that these factors, taken together, favor granting the Motion to Stay[4];

IT IS HEREBY ORDERED that:

1. The defendants' Motion to Stay pending inter partes review of the '353, '714, '200, and '147 Patents (D.I. 152) is GRANTED; and

2. Within thirty days of the conclusion of the inter partes reviews of '353, '714, '200, and '147 Patents, the parties shall notify the court of the status of the reexamination.

Dated: September 24, 2015

UNITED STATES DISTRICT COURT

---

[3] *First Am. Title Ins. Co. v. McLaren LLC*, C.A. No. 10-cv-363 (GMS), 2012 WL 769601, at *4 (D. Del. Mar. 9, 2012) (quoting *Xerox Corp. v. 3 Com Corp.*, 69 F. Supp. 2d 404, 406 (W.D.N.Y. 199)).

[4] The court finds that granting a stay in this matter pending completion of the inter partes reviews is appropriate because: (1) a stay will aid in simplifying the issues presented in these matters; (2) the litigation is still at an early stage; and (3) AT&T will not suffer undue prejudice as a result of the stay.

First, the court concludes that staying this matter pending the completion of the inter partes reviews will, in fact, simplify the issues presented in this litigation. Cox has requested review of more than half the claims asserted in this case. (D.I. 153 at 2.) The results of the IPR may affect not only validity of the asserted claims, but also their scope. *See, e.g., Krippelz v. Ford Motor Co.*, 667 F.3d 1261, 1266 (Fed. Cir. 2012) ("A patentee's statements during reexamination can be considered during claim construction, in keeping with the doctrine of prosecution disclaimer."). Thus, a stay will foster issue simplification and "maximize the likelihood that neither the [c]ourt nor the parties expend their assets addressing invalid claims." *See Giolelle Enters Ltd. v. Mattel, Inc.*, C.A. No. 99-375-GMS, 2001 WL 125340, at *2 (D. Del. Jan 29, 2001) (quotation marks omitted).

Second, the court concludes that the case is at an early enough stage as to not weigh against granting a stay. Although the parties have begun discovery, the close of fact discovery is not until January 29, 2016 for a trial scheduled for October 31, 2016. Finally, the court does not find persuasive AT&T's argument that staying this case will unduly prejudice AT&T or cause it to suffer a tactical advantage in its overall dispute with Cox.

For these reasons, and in the interest of judicial efficiency, the court exercises its discretion and stays this case pending the outcome of the inter partes reviews.